UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BOYD GAMING CORPORATION,<br><br>            Plaintiff,<br><br>v.<br><br>KING ZULU, LLC,<br><br>            Defendant. | 2:12-CV-16 JCM (CWH) |

**ORDER**

Presently before the court is plaintiff Boyd Gaming Corporation's motion to temporarily seal case. (Doc. #2). In the instant case, plaintiff alleges violations of the Anti-cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d), against defendant King Zulu, LLC. (Doc. #1).

Plaintiff seeks to temporarily seal the complaint, motion for temporary restraining order, motion for preliminary injunction, and any other documents filed in this action "pending registrar compliance with any [c]ourt order granting [p]laintiff's [m]otion for TRO, and service of the order and other filings upon [d]efendant." (Doc. #2). Plaintiff asserts that temporarily sealing the case is necessary to prevent the media from contacting defendant about this case before the registrar can place the domain name on hold. Defendant asserts that if defendant is given notice of the case prior to registrar action, defendant will be able to "transfer[] the domain name to another registrant or domain name registrar," thereby "obliterat[ing] plaintiff's ability to obtain *ex parte* relief." (Doc. #2).

**James C. Mahan**
**U.S. District Judge**

1    There is a "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978). However, access to judicial records is not absolute. *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).

A "compelling reasons" standard applies to most judicial records. *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 677-78 (9th Cir. 2010). Under this standard, a party seeking to seal judicial records must show that "compelling reasons supported by specific factual findings . . . outweigh the general history of access and the public policies favoring disclosure." *Kamakana*, 447 F.3d at 1178-79. If the materials are "private materials unearthed during discovery," courts apply the "good cause" standard under Federal Rule of Civil Procedure 26(c) to determine whether a motion to seal is appropriate. *Pintos*, 605 F.3d at 678. The Ninth Circuit has not yet ruled whether a motion to temporarily seal a complaint should be analyzed under either the compelling reasons or good cause standard.

The court is inclined to approve plaintiff's motion under either the compelling reasons or good cause standard. The court finds that defendant's ability to transfer the domain name if given notice prior to registrar action "outweighs the general history of access and the public policies favoring disclosure." *Kamakana*, 447 at 1178-79. Thus, there are compelling reasons to grant plaintiff's motion to temporarily seal.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff Boyd Gaming Corporation's motion to temporarily seal case (doc. #2) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that the case remain sealed until (1) registrar compliance with any court order granting plaintiff's motion for TRO, and (2) service of the order and other filings upon defendant.

DATED January 20, 2012.

*James C. Mahan* (signature)
UNITED STATES DISTRICT JUDGE

James C. Mahan
U.S. District Judge